# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE CO., | ) |
| Plaintiff, | ) |
| v. | ) No. 3:06-CV-464 |
| | ) (Phillips) |
| SUE E. YOWELL and LINDA F. ANDRUS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on the motion for judgment on the pleadings filed by Metropolitan Life Insurance Co. (MetLife) [Doc. 13]. MetLife filed this interpleader action seeking judicial resolution of which of two adverse claimants, Sue Yowell or Linda Andrus, is entitled to payment of $15,000 in life insurance benefits under the Campbell Soup Company Group Insurance Plan (the Plan), an employee welfare life insurance plan governed by the Employee Retirement Income Security Act of 1974 (ERISA).

The policy in question was issued to Emily M. Lamarr, an employee of Campbell Soup Company. On December 29, 2000, Lamarr executed a beneficiary designation form naming Andrus, her daughter, as the primary beneficiary of the Plan benefits. Thereafter, on March 15, 2003, Lamarr executed a beneficiary designation form naming Yowell, another daughter, as the primary beneficiary. Lamarr died on April 28, 2006.

Andrus and Yowell both submitted claims for the life insurance benefits. MetLife denied Andrus' claim because Lamarr had executed a beneficiary designation on March 15, 2003 naming someone else (Yowell) as the sole primary beneficiary of the Plan benefits. Andrus appealed MetLife's decision requesting that MetLife verify that the signature on the March 2003 beneficiary designation form was authentic.

By letter dated September 7, 2006, MetLife advised Andrus and Yowell that it could not determine whether the signature was valid and that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife. MetLife disavows any interest in the Plan benefits and acknowledges that it should be paid according to the findings and conclusions of the court.

Defendant Yowell has filed an answer admitting that the Plan benefits should be paid according to the findings of the court. Yowell's cross-claim against Andrus asserts that Yowell is the only person entitled to payment of the Plan benefits. Defendant Andrus has failed to appear or otherwise defend in this action and a default judgment has been entered on Yowell's cross-claim against Andrus [Doc. 12].

ERISA requires plan administrators to follow plan documents when determining beneficiaries. *See McMillan v. Parrott,* 913 F.2d 310, 311 (6th Cir. 1990). In this case there is no dispute that Lamarr changed the beneficiary designation on her life insurance in March 2003 naming her daughter Sue Yowell as beneficiary. Andrus has

submitted no evidence to the contrary.  Because the Plan documents clearly establish Yowell as beneficiary, she is entitled to the life insurance proceeds.   Accordingly, **IT IS ORDERED:**

1. That MetLife tender the Plan benefits plus any applicable interest due under the terms of the Plan into the registry of the court and the Clerk of the Court accept the same;

2. That MetLife is **DISMISSED WITH PREJUDICE** from this action and that MetLife, Campbell Soup Company, and the Plan are discharged from any further liability arising under the Plan as a consequence of the death of Emily Lamarr;

3.  That the Clerk of the Court pay to Sue Yowell the sums tendered by MetLife, less any costs of this action.

**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge